# EXHIBIT 1

NYSCEF

**Document List**

Suffolk County Supreme Court

**Index #   614981/2026**

Created on:06/29/2026 06:37 PM

Case Caption:   **RIVERHEAD SURGERY, PC v. BLUE CROSS BLUE SHIELD ASSOCIATION**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT<br>DISP-3649146 | Processed | 05/29/2026 | Stadler, J. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 06/18/2026 | Stadler, J. |

Case 2:26-cv-04104-FB-LGD Document 1-1 Filed 07/08/26 Page 3 of 26 PageID #: 24

**THE SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

|  |  |
|---|---|
| RIVERHEAD SURGERY, PC, <br><br> Plaintiff, <br><br> -against- <br><br> BLUE CROSS BLUE SHIELD ASSOCIATION, <br><br> Defendant. | Index No.: _____ <br><br> **SUMMONS** <br><br> Plaintiff Designates **Suffolk** <br> as the Place of Trial <br><br> The Basis of Venue is Place of Occurrence <br> 200 Belle Terre Road <br> Port Jefferson, NY 11777 <br><br> Plaintiff's Place of Business: <br> 4 Technology Drive, Suite 220 <br> East Setauket, NY 11733 |

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty(20) days of the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: May 29, 2026
      Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*
By: /s/ *John P. Stadler*
John P. Stadler, Esq.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 839-2621
jstadler@gottliebandgreenspan.com
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005
(Please respond to our NJ office.)

**DEFENDANT'S ADDRESS:**
Blue Cross Blue Shield Association
200 East Randolph Street
Chicago, IL 60601

Case 2:26-cv-04104-FB-LGD Document 1-1 Filed 07/08/26 Page 4 of 26 PageID #: 25

**THE SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

| | |
|---|---|
| RIVERHEAD SURGERY, PC, <br><br> Plaintiff, <br><br> -against- <br><br> BLUE CROSS BLUE SHIELD ASSOCIATION, <br><br> Defendant. | Index No.: <br><br><br> **COMPLAINT** |

Plaintiff Riverhead Surgery, PC ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Blue Cross Blue Shield Association ("Defendant"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Riverhead Surgery, PC is a medical practice specializing in surgery, with a principal place of business located at 4 Technology Drive, Suite 220, East Setauket, NY 11733. At all relevant times, Plaintiff was an out-of-network, or non-participating healthcare provider that provided medical and surgical services to one patient (the "Patient") who is covered under a healthcare plan sponsored, funded, operated, controlled and/or administered by Defendant.

2. Upon information and belief, Defendant, Blue Cross Blue Shield Association maintains its corporate offices at 200 East Randolph Street, Chicago, IL 60601. Defendant offers plans that provide healthcare coverage to its members and their dependents, as well as administrative services to self-funded plans. Its plans provide out-of-network health and medical coverage in New York to patients of Plaintiff, including the Patients referenced herein.

3. This Court has jurisdiction over Defendant because it (a) is a New York resident, having been incorporated in New York and having headquarters or offices in this State; (b)

Case 2:26-cv-04104-FB-LGD Document 1-1 Filed 07/08/26 Page 5 of 26 PageID #: 26

conducts business in the State of New York and so derives benefits and privileges from this State, including but not limited to, contracting to provide healthcare plans to residents of New York or contracting to provide plans that permit members or dependents to obtain medical care in New York, and so are subject to New York law, regulation, and oversight governing Defendant's health insurance plans; and/or (c) has consented to the jurisdiction of New York by registering and being authorized to do business in this State.

4. The medical services at issue in this matter were rendered in New York.

5. Pursuant to CPLR §503 venue is proper in the Supreme Court of New York, Suffolk County, because a substantial part of the events or omissions giving rise to the claim occurred in Suffolk County.

## SUBSTANTIVE ALLEGATIONS

6. At all relevant times, Plaintiff was an out-of-network, or non-participating, health provider that rendered medical and surgical services to the Patients.

7. On September 14, 2023, Plaintiff provided medical treatment to Patient at St. Charles Hospital, located in Port Jefferson, New York, and expected appropriate payment. At the time of treatment, Patient was a member of a health plan insured and/or administered by Defendant. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment of $41,926.00 for the medical treatment rendered under Current Procedural Terminology ("CPT") code 44970.

8. In response to Plaintiff's HCFA, Defendant allowed payment of $631.28 for CPT code 44970.

9. Plaintiff required the Patients to complete forms or other documents providing their insurance information. Plaintiff also generated medical records detailing the procedures

performed, including operative reports and insurance claim forms referencing the amounts due. Thereafter, Plaintiff submitted timely and appropriate claims to Defendant that included the required information and supporting documents.

10. Defendant routinely receives, processes, and partially pays or denies claims submitted by Plaintiff, thereby acknowledging both the validity of the services rendered and its obligation to provide reimbursement.

11. At all relevant times Defendant provided the Patients with out-of-network coverage and/or emergency services coverage, thus permitting the Patients to seek treatment from Plaintiff.

12. Defendant is obligated to provide reasonable and appropriate reimbursement for out-of-network and/or emergency services in accordance with applicable state and federal law. Because Plaintiff's services were rendered emergently and/or inadvertently in a participating network facility, reimbursement for those services is governed, in part, by the No Surprises Act ("NSA"), which establishes a framework for determining reimbursement for certain out-of-network services. *See* 42 U.S.C. § 300gg-111 *et seq*. However, Plaintiff's right to recover in this action arises from independent state law causes of action and the parties' contractual and quasi-contractual obligations.

13. The NSA precludes medical providers from billing patients for amounts beyond applicable in-network cost-sharing obligations and establishes a process for determining appropriate reimbursement for out-of-network services. Under that process, when an issuer makes an initial payment or denial of payment and the provider disputes that determination, the parties must engage in a period of negotiation. If the dispute is not resolved by the end of the negotiation period, either party may initiate an Independent Dispute Resolution ("IDR") proceeding before a neutral third-party certified IDR entity ("CIDRE"), which evaluates the parties' submissions and

selects one proposed payment amount as the appropriate reimbursement. The non-prevailing party is then required to remit payment consistent with that determination within thirty (30) days.

14. With respect to the Patients and claims referenced herein, as a matter of regular business practice, Plaintiff engaged in the negotiation of disputes with Defendant and sought proper reimbursement of those disputes pursuant to the NSA. However, Defendant systematically failed to issue proper payment for the medical and surgical services rendered by Plaintiff. Instead, Defendant issued gross underpayment and/or no payment at all. Defendant's actions or inactions were unlawful, improper and arbitrary. Defendant's conduct reflects a pattern and practice of systematically minimizing reimbursement obligations to out-of-network providers.

15. While Plaintiff made repeated and exhaustive efforts to address Defendant's systematic failure to issue proper payment and/or comply with state and federal law, Defendant has refused to remit payment consistent with the IDR determinations.

16. District Courts have repeatedly held that no private right of action exists for medical providers to compel payment of IDR determinations through the Court. *See Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 23 (D.N.J. Nov. 3, 2025); and *Farkas, M.D., LLC* v. *Horizon Blue Cross Blue shield of New Jersey*, No. 25 Civ. 54, 2025 WL 1860241 at *5 (E.D.N.Y. July 2, 2025). The NSA, however, does not "preclude a provider from bringing a suit under traditional state-law causes of action." *Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 23 (D.N.J. Nov. 3, 2025). "Far from expressing preclusive intent, the NSA's preemption clause is clear:

> [The NSA] shall not be construed to supersede any provision of State law which establishes, implements, or continues in effect any standard or requirement solely relating to health insurance issuers in connection with individual or group health

> insurance coverage except to the extent that such standard or requirement prevents the application of a requirement of [the NSA.]

42 U.S.C. § 300gg-23. The IDR is an opt-in process, it provides an alternative, streamlined route to determine the amount owed between the parties – it does not displace traditional state-law remedies like unjust enrichment. Thus, where Plaintiff is statutorily prohibited from balance billing its patients, Plaintiff's only method of reimbursement is from Defendant, and Defendant has failed to issue proper payment for out-of-network medical services rendered by Plaintiff, Plaintiff's remedy lies in state law causes of action.

17. Plaintiff seeks damages due to Defendant's actions.

18. Plaintiff's claims are not predicated on an assignment of benefits from the Patients. Because the NSA protects a patient from balance billing, the patient has not sustained any damage and therefore does not have an Employee Retirement Income Security Act ("ERISA") cause of action (or any other) to assign to Plaintiff.

19. Notwithstanding any reference herein to the IDR process established under the NSA, Plaintiff does not seek to enforce a federal statutory right or to assert a private cause of action under the NSA. Rather, Plaintiff asserts independent causes of action arising under New Jersey statutory, regulatory and common law. Any IDR determinations referenced herein are pled as evidence of the reasonable value of services rendered and Defendant's obligations, and not as the sole basis for liability.

## AS AND FOR A FIRST CAUSE OF ACTION

## UNJUST ENRICHMENT

20.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

21.     Defendant received the benefits of the underlying medical services Plaintiff rendered to Defendant's members. These medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefits without commensurate compensation.

22.     Defendant had reasonable notice that Plaintiff expected payment for the benefits conferred as it received HCFAs from Plaintiff that set forth the amounts billed for the medical services Plaintiff rendered to Defendant's members. Defendant appreciates, realizes and knows that the benefits were conferred because it issued Explanations of Benefits ("EOB") and made initial payments or denied payment. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

23.     At all relevant times, Defendant refused to render appropriate payment to Plaintiff for the medical services rendered to its members covered under plans sponsored, funded, insured and/or administered by Defendant, contrary to the insurance provided by the respective plans to its members and dependents, and contrary to the common law, statutory and regulatory obligations of Defendant.

24.     Defendant was paid premiums by its members for out-of-network and/or emergency services coverage and, pursuant to those premiums, Defendant was legally obligated to provide such coverage to plan members and their dependents.

25.     To satisfy its coverage and legal obligations, Defendant required the services of Plaintiff to render medical services, including emergency and urgent medical care where applicable. Plaintiff did, in fact, render such medical services to Defendant's members and their dependents.

26.     Defendant has, therefore, received and retained a benefit as a result of Plaintiff rendering medical services that remain grossly underpaid. Thus, Defendant has been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when that money should have been paid in a timely and appropriate manner to Plaintiff. It is against equity and good conscience to deprive Plaintiff of the funds Defendant owes.

27.     As a result of Defendant's unjust enrichment, Plaintiff has suffered damages.

28.     The damages sought under this Count include the full reasonable value of Plaintiff's services, as reflected by Plaintiff's billed charges and other objective indicators of value, including the amounts awarded through the IDR process.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

a.  Compensatory damages in the amount of $41,295.22;

b.  Alternatively compensatory damages in an amount that is just and equitable;

c.  Interest;

d.  Costs of suit;

e.  Attorneys' fees; and

f.  Such other relief as the Court deems equitable and just.

## AS AND FOR A SECOND CAUSE OF ACTION

## QUANTUM MERUIT

29.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

30.     Plaintiff conferred a valuable benefit upon Defendant by providing good faith medical services to Defendant's members and their dependents at Plaintiff's expense, with the reasonable expectation of payment.

31.     Defendant knowingly accepted and retained the benefit from the medical services Plaintiff rendered to its members and their dependents under the plans sponsored, funded, insured and/or administered by Defendant.

32.     Defendant had a reasonable expectation that Plaintiff expected payment for the medical services provided to Defendant's members and their dependents as Defendant received HCFAs from Plaintiff that set forth the amounts billed for the medical services provided. Defendant appreciates, realizes and knows that Plaintiff expected payment for the medical services provided to its members and their dependents because it issued EOBs and made initial payments or denied payment.

33.     At all relevant times, Defendant refused to render appropriate payment to Plaintiff for the medical services provided to its members and their dependents covered under plans sponsored, funded, insured and/or administered by Defendant, contrary to the insurance provided by the respective plans to its members and their dependents, and contrary to the common law, statutory and regulatory obligations of Defendant.

34.     It is inequitable for Defendant to retain the benefit of Plaintiff's medical services without paying the reasonable value for Plaintiff's services.

Case 2:26-cv-04104-FB-LGD Document 1-1 Filed 07/08/26 Page 12 of 26 PageID #: 33

35. Plaintiff is therefore entitled to recover under the doctrine of quantum meruit the fair and reasonable value of the medical services rendered by Plaintiff to Defendant's members and their dependents.

36. Plaintiff seeks recovery under this Count for the fair and reasonable value of its services, including its billed charges, as an alternative to its contractual claims.

37. As a result of Defendant's failure to pay the fair and reasonable value for the medical services Plaintiff rendered to Defendant's members and their dependents, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

a. Compensatory damages in the amount of $ 41,295.22;

b. Alternatively compensatory damages in an amount that is just and equitable;

c. Interest;

d. Costs of suit;

e. Attorney's fees; and

f. Such other relief as the Court deems equitable and just.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF EXPRESS CONTRACT (CLICK-WRAP – NSA IDR)

38. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

39. In each instance, Plaintiff initiated the NSA's IDR process by submitting a Notice of IDR Initiation to the Department of Health and Human Services via the NSA's federal IDR portal. Thereafter, the parties were presented with IDR participation terms, including the federal IDR portal's Terms of Use and the CIDRE's participation agreement.

40. The Offer Process states:

Case 2:26-cv-04104-FB-LGD   Document 1-1   Filed 07/08/26   Page 13 of 26 PageID #: 34

1.      Submit both administrative fee and IDR entity fee directly to the certified IDR entity.

2.      Complete and submit the Notice of Offer form and supporting documentation.

3.      You will receive an acknowledgment email once the form is submitted and communications for the certified IDR entity if more information is needed related to your offer.

4.      After a certified IDR entity makes a payment determination, the amount due to the prevailing party must be paid no later than 30 calendar days after the determination.

41.     Before submitting its Notice of Offer, uploading documents and proceeding with the IDR, each party was required to affirmatively manifest its assent to the following terms and conditions and to acknowledge its assent with an electronic signature:

I agree to

- Pay the administrative fee.
- Pay the IDR entity fee if my dispute is found eligible for the IDR process.
- Pay the outstanding amount (if any) of the out-of-network rate that is my responsibility as determined by the certified IDR entity.
- I also understand that the final payment determination made by the certified IDR entity is binding upon the parties and **not subject to judicial review except under certain limited circumstances**.

42.     The parties' mutual agreement to accept and comply with the CIDRE determinations is sufficient consideration.

43.     Under the express terms of the click-wrap agreements, Defendant is required to pay the outstanding amount as determined by the CIDRE.

44.     The parties' agreement to be bound by the IDR process constitutes an independent contractual obligation, separate and apart from any statutory framework.

45.     On August 22, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-3649146, awarding Plaintiff $41,926.50 for CPT code

44970, amounting to an additional $41,295.22 over Defendant's initial allowed payment amount for Patient.

46.     Despite Defendant's agreement to pay any outstanding amount as determined by the CIDRE, Defendant has failed to pay any of the CIDRE determinations.

47.     Defendant's failure to remit payment within thirty (30) days of the issuance of the CIDRE determinations constitutes an additional and independent breach of its obligations under the parties' agreements. Defendant's failure to comply with the CIDRE determinations deprived Plaintiff of the benefit of its bargain under the parties' agreements. Defendant's refusal to comply with the CIDRE determinations further undermines the agreed-upon dispute resolution process and frustrates the purpose of the parties' agreement.

48.     The click-wrap agreements constitute valid express contracts under New York law, supported by mutual consideration, including Plaintiff's opportunity to obtain binding dispute resolution and Defendant's participation in the NSA's IDR process and agreement to be bound by the outcome.

49.     Plaintiff seeks, under this Count, to recover the amounts awarded through the IDR process, as Defendant expressly agreed to be bound by such determinations through the parties' click-wrap agreements.

50.     These damages arise from Defendant's contractual obligation to comply with the binding determinations issued by the CIDRE, independent of Plaintiff's alternative claims for the reasonable value of the services rendered.

51.     Defendant breached the express click-wrap agreements by failing to pay the amounts determined by the CIDRE.

Case 2:26-cv-04104-FB-LGD   Document 1-1   Filed 07/08/26   Page 15 of 26 PageID #: 36

52.     In each instance, Defendant's failure to pay the amount determined by the CIDRE constitutes a material breach of contract.

53.     As a result of Defendant's breach of contract, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

    a.   Compensatory damages in the amount of $41,295.22;

    b.   Interest;

    c.   Costs of suit;

    d.   Attorneys' fees; and

    e.   Such other relief as the Court deems equitable and just.

## AS AND FOR A FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

54.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

55.     The click-wrap agreements constitute valid express contracts under New York law governing the parties' agreement to participate in the NSA's IDR process and to pay the amount determined by the CIDRE.

56.     The law implies in every contractual relationship, including the click-wrap agreements between Plaintiff and Defendant, a covenant of good faith and fair dealing. Defendant is required to act in a manner that is consistent with Plaintiff's reasonable expectations.

57.     Defendant breached this covenant by engaging in bad faith conduct including, but not limited to:

    • Failing to honor binding payment determinations; and

    • Delaying payment without justification.

58.     Defendant acted with an improper motive and violated Plaintiff's rights and benefits under the contract and breached the contract through acts of commission and omission described herein that are wrongful and without justification.

59.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

    a.  Compensatory damages;

    b.  Interest;

    c.  Costs of suit;

    d.  Attorneys' fees; and

    e.  Such other relief as the Court deems equitable and just.

## AS AND FOR A FIFTH CAUSE OF ACTION

## DECLARATORY JUDGMENT

60.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

61.     An actual and justiciable controversy exists between the parties regarding Defendant's obligation to reimburse Plaintiff for medical services rendered to its members and their dependents.

62.     Plaintiff seeks a declaration that:

    a.  Defendant is obligated to pay for the medical services provided;

    b.  Defendant is obligated to reimburse Plaintiff in accordance with applicable law, governing agreements, and binding dispute resolution mechanisms, including those to which Defendant expressly assented through participation in the IDR process.

    c.  Defendant's failure to comply with such determinations is unlawful and improper; and

    d.   Plaintiff is entitled to payment in accordance with applicable law and governing agreements.

63.    A declaratory judgment will resolve uncertainty and guide the parties' future conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

    a.   Compensatory damages;

    b.   Interest;

    c.   Costs of suit;

    d.   Attorneys' fees; and

    e.   Such other relief as the Court deems equitable and just.

**AS AND FOR A SIXTH CAUSE OF ACTION**

**ACCOUNT STATED**

64.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

65.    Plaintiff rendered medical services to Defendant's members and their dependents and submitted HCFAs to Defendant reflecting the amounts due.

66.    Defendant received and retained those HCFAs.

67.    Defendant failed to object to the HCFAs within a reasonable time and/or made partial payments acknowledging the validity of the charges, without disputing the underlying services.

68.    Defendant's conduct constitutes an implied agreement as to the correctness of the amounts due.

69.    An account stated exists for the outstanding balance.

Case 2:26-cv-04104-FB-LGD   Document 1-1   Filed 07/08/26   Page 18 of 26 PageID #: 39

70. Defendant has failed to pay the agreed-upon amount.

71. Plaintiff is entitled to recover the balance due.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

a. Compensatory damages;

b. Interest;

c. Costs of suit;

d. Attorneys' fees; and

e. Such other relief as the Court deems equitable and just.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### THIRD-PARTY BENEFICIARY (Pled Alternatively)

72. Plaintiff repeats and realleges the allegations each and every allegation set forth above as though fully set forth herein.

73. The IDR process established under the No Surprises Act requires both providers and insurers to enter into binding agreements with the Centers for Medicare and Medicaid Services ("CMS") as a condition of participation.

74. These agreements require both parties to be bound by the resulting payment determinations.

75. The click-wrap agreement entered into with CMS for the IDR process is expressly intended to benefit both healthcare providers and healthcare insurance carriers by ensuring fair and enforceable reimbursement for medical services rendered.

76. The requirement that providers who prevail in the IDR process be paid in accordance with IDR determinations demonstrates that healthcare providers were intended, not incidental, beneficiaries of those agreements.

Case 2:26-cv-04104-FB-LGD    Document 1-1    Filed 07/08/26    Page 19 of 26 PageID #: 40

77.     Plaintiff is a member of the class of intended beneficiaries of Defendant's click-wrap agreements with CMS.

78.     Defendant's refusal to comply with the binding IDR determinations frustrates the purpose of the click-wrap agreements and deprives Plaintiff of the benefits intended to be conferred.

79.     Accordingly, Plaintiff is entitled to enforce Defendant's obligations as an intended third-party beneficiary.

80.     Plaintiff hereby seeks payment of the IDR determinations as determined by the CIDREs as well as all benefits obtained by Defendant because Defendant did not timely pay the amounts owed, including without limitation the interest or investment income generated by such funds.

**WHEREFORE,** Plaintiff demands judgment against Defendant for:

a.  Compensatory damages;

b.  Interest;

c.  Costs of suit;

d.  Attorneys' fees; and

e.  Such other relief as the Court deems equitable and just.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### NY INSURANCE LAW § 3224-a

81.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

82.     Plaintiff avers this cause of action to the extent Defendant is an insurer subject to the requirements of the New York Insurance Law § 3224-a.

Case 2:26-cv-04104-FB-LGD    Document 1-1    Filed 07/08/26    Page 20 of 26 PageID #: 41

83. Plaintiff submitted clean claims to Defendant for medical services rendered to Defendant's insureds, including, but not limited to, the claims described herein.

84. In response to Plaintiff's claims, Defendant issued partial payment or denied payment as prescribed by the NSA.

85. Plaintiff then proceeded to dispute Defendant's partial payment via the NSA's IDR process, resulting in IDR determinations in Plaintiff's favor.

86. Under the NSA, a CIDRE issued final and binding determinations establishing the proper reimbursement amount for the out-of-network claims described herein.

87. Defendant opted not to remit the IDR determination payments. Thus, Defendant utilized the NSA for purposes of calculating its initial payments only to "opt out" of the NSA following the IDR determinations.

88. By failing to comply with the IDR determinations, Defendant no longer has any justification for its initial *partial* payments.

89. Accordingly, claims herein were ultimately not processed within the timeframes required by law, including but not limited to thirty (30) days for electronically submitted claims and/or forty-five (45) days for paper claims.

90. Defendant further failed to timely provide proper notice of any alleged deficiencies in the submitted claims as required by statute.

91. Defendant instead issued partial payments and/or delayed payments without justification, in violation of its statutory obligations.

92. As a result, Defendant is liable for the unpaid amounts due, together with statutory interest and any additional relief permitted under the NYIL § 3224-a.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

Case 2:26-cv-04104-FB-LGD   Document 1-1   Filed 07/08/26   Page 21 of 26 PageID #: 42

a.   Compensatory damages;

b.   Interest;

c.   Costs of suit;

d.   Attorneys' fees; and

e.   Such other relief as the Court deems equitable and just.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.   Compensatory damages;

b.   Interest;

c.   Costs of suit;

d.   Attorneys' fees; and

e.   Such other relief as the Court deems just and equitable.

Dated: May 29, 2026
Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*
By: /s/ *John P. Stadler*
John P. Stadler, Esq.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 839-2621
jstadler@gottliebandgreenspan.com
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005
(Please respond to our NJ office.)

Case 2:26-cv-04104-FB-LGD   Document 1-1   Filed 07/08/26   Page 22 of 26 PageID #: 43

INDEX NO.: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

RIVERHEAD SURGERY, PC,

        PLAINTIFF,

-AGAINST-

BLUE CROSS BLUE SHIELD ASSOCIATION,

## SUMMONS AND COMPLAINT

### GOTTLIEB & GREENSPAN, LLC

17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 735-0845
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005

TO:    Blue Cross Blue Shield Association
        200 East Randolph Street
        Chicago, IL 60601

Service of a copy of the within

Dated: May 29, 2026
       Fair Lawn, New Jersey

Attorneys for Riverhead Surgery, PC

FILED: SUFFOLK COUNTY CLERK 06/18/2026 08:24 PM INDEX NO. 614981/2026

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 06/18/2026

Case 2:26-cv-04104-FB-LGD Document 1-1 Filed 07/08/26 Page 23 of 26 PageID #: 44

Attorney:
JOHN P. STADLER, ESQ.
GOTTLIEB & GREENSPAN
17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410



848833

SUPREME COURT OF THE STATE OF NEW YORK COUNTY
OF SUFFOLK

RIVERHEAD SURGERY, PC
**Plaintiff**

BLUE CROSS BLUE SHIELD ASSOCIATION
**Defendant**

Index / case #: 614981/2026

## AFFIDAVIT OF SERVICE

____Kane____ County, State of:____Illinois____        ____Steven A. Stosur____        being sworn,
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of:____Illinois____

On __10|9|26__ at __1:01__ am/(pm) at: __200 EAST RANDOLPH STREET CHICAGO IL 60601__

Deponent served the within: NOTICE OF ELECTRONIC FILING;
SUMMONS & COMPLAINT

On which were set forth the Index No., herein, and date of filing

On: **BLUE CROSS BLUE SHIELD ASSOCIATION**
(herein after called the recipient) therein named.

| | | |
|---|---|---|
| [ ] | Individual | By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein |
| [ ] | Suitable Age person | By delivering thereat a true copy of each to:_____ a person of suitable age and discretion. Said premises is recipients [ ] Actual Place of Residence [ ] Actual Place of Business within the State. |
| [ ] | Affixing to Door | By affixing a true copy of each to the door of said premises which is recipients [ ] Actual Place of Residence [ ] Actual Place of Business, within the State Deponent was unable with due diligence to find recipient or person of suitable age and discretion thereat having called there _____ |
| [ ] | Corporation or Partnership | By delivering thereat a true copy of each to: __Tyrone Gardner__ personally. Deponent knew said corporation / partnership so served to be the corporation / partnership described in said aforementioned document as said recipient and knew said individual to be __Managing Agent__ thereof. |
| [ ] | Mailing | Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipients last known [ ] Actual Place of Residence [ ] Actual Place of Business at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicateon the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant. |

| | Description | | | | | | |
|---|---|---|---|---|---|---|---|
| [ ] | | [✓] Male | [ ] White skin | [ ] Black hair | [ ] 14-20 Yrs | [ ] Under 5' | [ ] Under 100 Lbs |
| | | [ ] Female | [✓] Black skin | [✓] Brown hair | [ ] 21-35 Yrs | [ ] 5'0"-5'3" | [ ] 100-130 Lbs |
| | | | [ ] Yellow skin | [ ] Gray hair | [ ] 36-50 Yrs | [ ] 5'4"-5'8" | [ ] 131-160 Lbs |
| | | | [ ] Brown skin | [ ] Blonde hair | [✓] 51-65 Yrs | [✓] 5'9"-6'0" | [ ] 161-200 Lbs |
| | | | [ ] Red skin | [ ] Red hair | [ ] Over 65 Yrs | [ ] Over 6' | [✓] Over 200 Lbs |

Other Identifying Features _____

| | | |
|---|---|---|
| [ ] | Military Service | I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| [ ] | Subpoena Fee Tendered in the amount of _____ | |
| [ ] | _____ | |

Sworn to before me on __6 12 26__

OFFICIAL SEAL
ROBERT DANIEL FAIRBANKS JR
Notary Public, State of Illinois
Commission No. 1030935
My Commission Expires May 04, 2030

(Print name below signature)
Steven A. Stosur

File No. 614981/2026

Work Order No. 848833

1 of 4

Case 2:26-cv-04104-FB-LGD Document 1-1 Filed 07/08/26 Page 24 of 26 PageID #: 45

THE SUPREME COURT OF THE STATE OF NEW YORK
OF SUFFOLK COUNTY

Index No.: 614981/2026

RIVERHEAD SURGERY, PC,

Plaintiff,

-against-

BLUE CROSS BLUE SHIELD ASSOCIATION,

Defendant.

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

You have received this Notice because:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-Filing system ("NYSCEF") and,

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  **Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg.2).**

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service documents.**

  The **benefits of participating in e-filing** include:

    - Serving and filing your documents electronically
    - Free access to view and print your e-filed documents
    - Limiting your number of trips to the courthouse
    - Paying any court fees on-line (credit card needed)

Case 2:26-cv-04104-FB-LGD   Document 1-1   Filed 07/08/26   Page 25 of 26 PageID #: 46

**To register for e-filing or for more information about how e-filing works;**

- Visit: www.nycourts.gov/efile-unrepresented  or
- Contact the Clerk's Office or Help Center at the court where the case was filed. Court Contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit: www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An Attorney representing a party who is served with this notice must either:

1) Immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or

2) File the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; email: nyscef@nycourts.gov).

Dated: June 05, 2026

Name:  Anna Picinic, on behalf of John P. Stadler, Esq.

Firm Name:  Gottlieb & Greenspan, LLC        Address: 17-17 Route 208, Suite 250
                                                      Fair Lawn, New Jersey 07410
                                             Phone: 201-839-2621
                                             Email: jstadler@gottliebandgreenspan.com

To:     Blue Cross Blue Shield Association
        200 East Randolph Street
        Chicago, IL 60601

Case 2:26-cv-04104-FB-LGD    Document 1-1    Filed 07/08/26    Page 26 of 26 PageID #: 47

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF SUFFOLK

RIVERHEAD SURGERY, PC,

          Plaintiff,

-against-

BLUE CROSS BLUE SHIELD ASSOCIATION,

          Defendant.

Index No.: 614981/2026

**SUMMONS**

Plaintiff Designates **Suffolk**
as the Place of Trial

The Basis of Venue is Place of Occurrence
200 Belle Terre Road
Port Jefferson, NY 11777

Plaintiff's Place of Business:
4 Technology Drive, Suite 220
East Setauket, NY 11733

**TO THE ABOVE-NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty(20) days of the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: May 29, 2026
       Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*
By: */s/ John P. Stadler*
John P. Stadler, Esq.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 839-2621
jstadler@gottliebandgreenspan.com
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005
(Please respond to our NJ office.)

**DEFENDANT'S ADDRESS:**
Blue Cross Blue Shield Association
200 East Randolph Street
Chicago, IL 60601